NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

CHRISTOPHER POTEET, *Appellant*.

No. 1 CA-CR 20-0218
FILED 1-26-2021

---

Appeal from the Superior Court in Navajo County
No. S0900CR201700792
S0900CR201800133
S0900CR201800644
The Honorable Dale P. Nielson, Judge

**AFFIRMED AS CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

The Rigg Law Firm, P.L.L.C., Pinetop
By Brett R. Rigg
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

**¶1** Christopher Poteet was found guilty of violating his probation in case numbers S0900CR201700792, S0900CR201800133, and S0900CR201800644. This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Clark*, 196 Ariz. 530 (App. 1999). Counsel for Poteet advised this court that he has searched the record and has found no arguable issue to raise on appeal. He requests this court conduct its own independent review of the record for fundamental error. *See Clark*, 196 Ariz. at 537, ¶ 30.

**¶2** We have appellate jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A). Finding no reversible error, we affirm Poteet's convictions. We correct a clerical error in the court's minute entry detailing Poteet's sentence.

## FACTS[1] AND PROCEDURAL HISTORY

**¶3** In 2019, Poteet pled guilty to possession of a dangerous drug (methamphetamine), possession of a narcotic drug, resisting arrest, and possession of drug paraphernalia. On September 11, 2019, he was sentenced to four years of probation.

**¶4** Following his sentencing hearing, Poteet went to the Navajo County Probation Department and received probation reporting instructions. Previously, Poteet had filled out a pre-sentence questionnaire indicating he was living at his mother's house in Show Low and provided a Show Low address. Based on that questionnaire, Poteet

---

[1] "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

was informed he needed to report to the Show Low probation office the following morning and was provided with a written copy of the terms and conditions of his probation.

¶5        Poteet did not report for probation at his assigned time. When Poteet's case file arrived at the Show Low office on September 23, Poteet's probation officer called the phone number in the file and spoke with Poteet's mother. She informed the officer that Poteet was no longer living with her and gave the officer Poteet's new phone number and address in Holbrook. The officer then contacted the Holbrook office so that Poteet could be reassigned to that office.

¶6        On September 30, a probation officer from the Holbrook office called Poteet and left a message. On October 7, Poteet reported to the Holbrook office, where an officer reviewed Poteet's terms of probation, gave him reporting instructions, detailed the community restitution he needed to perform, and referred him to a substance abuse treatment center. Poteet also completed a drug test on that day, which later came back positive for methamphetamine.

¶7        In the following weeks, there were multiple instances where the probation officer visited Poteet's home but was unable to contact him. When Poteet reported at the beginning of November, he still had not enrolled in substance abuse treatment nor done any community restitution. Poteet claimed he could not attend the substance abuse center nor complete any restitution because of a wound on his leg; the officer looked at the injury and advised Poteet to see a doctor. Poteet was drug tested at this time and tested positive for methamphetamine and alcohol.

¶8        By the end of November, Poteet still had not completed any intake for substance abuse treatment, completed any community restitution, nor provided any doctor's note about his injury that would excuse him from treatment or restitution. Around the same time, the probation officer also learned Poteet had accrued new criminal charges, including disorderly conduct and disobedience to a police officer, in addition to the new felony drug charges he received as a result of his positive drug tests. Consequently, the probation officer filed a petition to revoke Poteet's probation.

¶9        The court held a hearing on the petition to revoke and heard testimony from multiple probation officers who worked on Poteet's case. Following presentation of the evidence, the court found Poteet had violated his probation by engaging in criminal activity, using illegal

substances, consuming alcohol, failing to report for probation in September, moving from Show Low to Holbrook without prior approval, failing to enroll in substance abuse treatment, failing to complete any community service, and failing to participate in any job search—all written conditions of his probation. The court sentenced Poteet to a total of six years in prison. Poteet timely appealed.

## ANALYSIS

¶10        First, we address a clerical error in the court's minute entry sentencing Poteet. Poteet was sentenced to 2.5 years in prison for possession of a dangerous drug (case S0900CR201700792), 2.5 years for possession of a narcotic drug and 1 year for resisting arrest (case S0900CR201800133), and 1 year for possession of drug paraphernalia (case S0900CR201800644). The court stated at the sentencing hearing that sentences for the two counts in case -133 would run concurrently, but all other sentences would run consecutively. However, the court's minute entry states that the sentence for resisting arrest in case -133 will run concurrently with the sentences in cases -792 and -644. When there is a discrepancy between the oral pronouncement and the written sentence, the "[o]ral pronouncement in open court controls over the minute entry." *State v. Whitney*, 159 Ariz. 476, 487 (1989). Moreover, when the discrepancy "can be clearly resolved by looking at the record," we may "order the minute entry corrected if the record clearly identifies the intended sentence." *State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013). Accordingly, we correct the minute entry dated March 11, 2020, to delete the statements that the sentence for resisting arrest in case -133 shall run concurrent with the sentences in cases -792 and -644, and affirm the oral pronouncement requiring the sentences in each cause number to run consecutively.

¶11        Additionally, we have reviewed the entire record for reversible error and find none. *See State v. Leon*, 104 Ariz. 297, 300 (1969); *Clark*, 196 Ariz. at 537, ¶ 30. The record reflects that the proceedings were conducted in compliance with Poteet's constitutional and statutory rights and conformed to the Arizona Rules of Criminal Procedure. Poteet was represented by counsel at all stages of the proceedings and was present at all critical stages. The evidence presented of Poteet's multiple probation violations was substantial and supports the verdicts.

¶12        Upon the filing of this decision, Poteet's counsel shall inform Poteet of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue that may

be appropriately submitted to the Arizona Supreme Court for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Poteet has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

**¶13**       For the foregoing reasons, we affirm Poteet's convictions and correct the error in the court's March 11, 2020 minute entry.



AMY M. WOOD • Clerk of the Court
FILED:     AA